UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DALE BOERNER,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR,<br><br>    Respondent. | Case No.: 1:13-cv-00606-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

    Petitioner filed the instant petition for writ of habeas corpus on April 26, 2013.  Petitioner challenges a 2011 conviction in the Kings County Superior Court involving an altercation between himself and prison staff during the delivery of his medication.  (Pet. at 1-6.)

    As will be explained below, the petition must be dismissed as duplicative of another action currently pending in this Court.

///

///

///

///

# I.

# DISCUSSION

### A.   Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

### B.   Instant Petition is Duplicative of Petition in Case No. 1:13-cv-00328-JLT (HC)

In the petition filed in case number 1:13-cv-00328-JLT (HC) ("the prior case"), Petitioner challenges the same 2011 conviction from the Kings County Superior Court for an altercation which took place between himself and prison staff during the delivery of his medication. In that action, the original petition filed on February 26, 2013, was dismissed with leave to amend on March 26, 2013. On April 4, 2013, Petitioner filed an amended petition in that case. On April 18, 2013, the Court required Petitioner to submit a supplement to the amended petition to name the proper respondent. Petitioner filed a supplement on April 19, 2013.

As previously stated, in the instant petition Petitioner challenges the same 2011 conviction from the Kings County Superior Court.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second,

the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Id. at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

In both petitions, Petitioner challenges the same incident involving the delivery of his medication and alleges he was falsely convicted. In both petitions, Petitioner mainly challenges the actions taken by Sergeant Deathridge, his trial attorney, the district attorney, and the trial judge. Although Petitioner uses slightly different language to state his claims for relief, the two petitions raise the same issues and are premised upon the same set of operative facts. Petitioner cannot be permitted to litigate his case piecemeal nor to circumvent the deficiencies identified by the Court in the early case by filing successive petitions containing the same claims.[1] Accordingly, the instant petition for writ of habeas corpus must be dismissed as duplicative of the petition filed in case number 1:13-cv-00328-JLT (HC).

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that

---

[1] The Court also notes and takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the fact that Petitioner has filed several other petitions for writ of habeas corpus in this Court challenging the very same 2011 conviction from the Kings County Superior Court in case numbers 1:12-cv-01191-GSA (HC) (dismissed on August 7, 2012 for failure to exhaust state judicial remedies); 1:12-cv-01192-BAM (HC) (dismissed on September 21, 2012, for failure to exhaust the state judicial remedies); 1:12-cv-01505 DLB (HC) (dismissed on September 21, 2012, for failure to exhaust state judicial remedies).

protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

///

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Accordingly, the Court declines to issue a certificate of appealability.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED as duplicative of case number 1:13-cv-00328-JLT (HC);

2. The Clerk of Court is directed to terminate this action; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **May 8, 2013**

UNITED STATES MAGISTRATE JUDGE